IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OR ARKANSAS
FAYETTEVILLE DIVISION

TAMMY R. WARREN                                            PLAINTIFF

    v.                          CIVIL NO. 12-5165

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                             DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Tammy R. Warren, appealed the Commissioner's denial of benefits to this

Court.   On August 15, 2013, judgment was entered remanding Plaintiff's case to the

Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 16).  Plaintiff now moves

for an award of $4,319.97 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access

to Justice Act (hereinafter "EAJA"), requesting compensation for 19.25 attorney hours of work

before the Court at an hourly rate of $188.31 for work performed in 2012 and 2013, and 13.90

paralegal hours of work at an hourly rate of $50.00.  (Doc. 17).  Defendant filed a response,

objecting to both the hourly rate requested and certain hours claimed. (Doc. 18).  Plaintiff filed

a Reply on November 21, 2013.  (Doc. 19).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified.  The burden is on the Commissioner to show substantial justification for

the government's denial of benefits.  Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986).

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of

the work." Id.  Where documentation is inadequate, the Court may reduce the award accordingly.  Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA for 19.25 hours of attorney work performed in 2012 and 2013, at an hourly rate of $188.31.  The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable.  Hensley, 461 U.S. at 437.  Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).

The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.  McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989).  In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI).  Plaintiff's counsel submitted a CPI in support of his requested hourly rate.  Therefore, the undersigned believes his argument for enhanced fees based on a cost of living increase has merit.[2]

In Sanders v. Astrue, 2012 WL 19422 (W.D.Ark. Jan. 3, 2012) and 2011 WL 6937591 (W.D.Ark. October 31, 2011), this Court decided to follow the approach set forth in Knudsen v. Barnhart, 360 F.Supp. 2d 963, 969-974 (N.D. Iowa 2004), when determining how to compute

---

[2] Per General Order 39, the allowable rate for each year is a follows, and for simplicity sake, the figure is rounded to the nearest dollar:
2010 - 211.338 x 125 divided by 152.4 (March 1996 CPI-South) = $173.34/hour - $173.00.
2011 - 212.488 x 125 divided by 152.4 (March 1996 CPI-South) = $174.28/hour - $174.00.
2012 - 219.469  x 125 divided by 152.4 (March 1996 CPI-South)= $180.01 hour - $180.00.
2013 - 223.109 x 125 divided by 152.4 (March 1996 CPI -South)=$182.99/hour-$183.00.

AO72A
(Rev. 8/82)

an attorney's fee award.  In <u>Knudsen,</u> the Court found that "[A] reasonable balance between accuracy and ease of computation would be to require attorneys to adjust fees using the CPI available and applicable to the year when services are performed." <u>Id</u>. at 974.  The <u>Knudsen</u> Court felt that this approach would strike a balance between "accuracy and what the court believes would potentially turn into a calculation nightmare." <u>Id.</u>  The Court finds that an award based upon an hourly rate of $180.00 for work done in 2012, and $183.00 for work done in 2013, reflecting an increase in the cost of living, is appropriate in this instance. See <u>Johnson</u>, 919 F.2d at 505.

Plaintiff's counsel has also requested 13.90 paralegal hours of work at the rate of $50.00 per hour. The Court finds $50.00 per hour for paralegal work to be reasonable.

We next address the number of hours Plaintiff's counsel claims he spent working on this case.  Defendant objects to the 13.90 paralegal hours requested because Plaintiff's counsel failed to provide an itemization of the work performed by the paralegal.  In response to this objection, Plaintiff's counsel filed a Reply, and attached an itemization of the paralegal time.  (Doc. 19, Attachment 4).  After thoroughly reviewing the paralegal itemization of time, the Court found two submissions that were compensable.  First, the Court finds that the submission of 0.60 paralegal hour submitted on July 31, 2012,  for the preparation of the Complaint is compensable.[3] Second, the Court finds the submission of 0.50 paralegal hour on August 2, 2012, for following the Court Order regarding the need for an amended *in forma pauperis* application is compensable.  The Court finds that the remaining 12.80 paralegal hours are not compensable as

---

[3]The Court notes that the Complaint was filed on July 30, 2012. (Doc. 1). Therefore, the submission date for the completion of the Complaint the day after is not accurate.  The Court cautions Plaintiff's counsel to be more accurate with the itemization of time as future inaccurate submissions will not be allowed.

AO72A
(Rev. 8/82)

this time appears clerical in nature. <u>See</u> <u>Missouri v. Jenkins by Agyei</u>, 491 U.S. 274, 288 (1989)(Paralegal work is work that might otherwise be performed by a lawyer, such as factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence. Purely clerical or secretarial tasks should not be billed at a paralegal rate); <u>Miller v. Alamo</u>, 983 F.2d 856, 862 (8th Cir. 1993)(Work done by paralegals is compensable if it is work that would have been done by an attorney, such as going to the library to locate cases and preparing materials used by an attorney at oral argument). Accordingly, the Court deducts 12.80 paralegal hours from the total number of compensable hours sought.

Plaintiff's counsel seeks a total of 15.00 hours for reviewing the 495 page transcript, and preparing the brief. There were no unique or complex issues to be developed in this particular case. Plaintiff's counsel frequently represents social security plaintiffs before this Court and should be well versed in social security law and the Court finds the time submitted for preparing this brief to be excessive. Therefore, the Court is reducing the number of hours submitted for the preparation of Plaintiff's brief to 14.00 hours.

In her response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court recommends that Plaintiff be awarded attorney's fees under the EAJA for: 16.65 (17.65-1.00) attorney hours at a hourly rate of $180.00 for work performed in 2012; 1.60 attorney hours at a hourly rate of $183.00 for work performed in 2013,

-5-

and 1.10 (13.90-12.80) paralegal hours at a hourly rate of $50.00, for a total attorney's fee award of $3,344.80.  This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 11th day of December, 2013.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-6-